Harding agt. Harding.

# N. Y. SUPERIOR COURT.

## Thomas H. Harding agt. Jane Elizabeth Harding.

*Divorce for adultery — referee's report — power of special term to order new trial — Practice.*

In an action for divorce on the ground of adultery, where the referee reported in favor of plaintiff, the defendant duly filing her exceptions to such report, the plaintiff moved, upon the referee's report and the testimony, to confirm such report. The defendant moved, at the same time, upon the exceptions, report and testimony, to vacate such report, and for further relief. The court made an order dismissing the complaint upon the merits:

*Held*, that the court erred in absolutely dismissing the plaintiff's complaint upon the merits. The order of the special term should have been, that the report be set aside, the order of reference vacated, and a new trial of the issues had, with costs to the defendant, to abide the event.

In this class of cases, the court at special term does possess the power to order a new trial. This power should be exercised, as near as possible, in conformity with the principles which control on a motion for a new trial on a case or exceptions.

If the exceptions are sustained, and the question is capable of being obviated by proof, no absolute judgment should be directed, but a new trial ordered. .

*General Term, May*, 1877.

*Before* Sedgwick, Speir *and* Freedman, *JJ*.

The action is brought to dissolve marriage on the ground of adultery of the defendant with one William Zandt.

The answer denies the adultery, and alleges condonation.

Upon consent, an order of reference was made to hear and determine all the issues.

Harding agt. Harding.

The referee reported in favor of the plaintiff upon all the issues.

The defendant duly filed her exceptions to the referee's report.

The plaintiff moved, upon the referee's report and the testimony, to confirm such report.

The defendant moved, at the same time, upon the exceptions, report and testimony, to vacate such report and for further relief.

Defendant's motion was granted and the plaintiff's motion denied.

Upon the settlement of the order defendant's attorney made default, and plaintiff's attorney entered an order recommitting the report and testimony to the referee.

Upon motion this default was opened, and after full argument an order was made dismissing the complaint upon the merits.

A decree was entered accordingly. Plaintiff appealed from the order of dismissal and the judgment entered therein.

*James M. Smith*, for appellant.

*George Gallagher*, for respondent.

FREEDMAN, *J.* — In *Sullivan* agt. *Sullivan* (52 *How.*, 453; 41 *N. Y. Superior Ct. R.* [9. *J. & Sp.*]) and *Blott* agt. *Rider* (47 *How Pr. R.*, 90), the policy of the statute relating to the granting of divorces, the reason for the enactment of the ninety-second rule, and the practice on references of the issues, have been fully discussed.

The order of reference in the case at bar was in all respects regular.

But the court at special term, in the exercise of its supervisory power, saw fit to withhold judgment of divorce, notwithstanding the issues had been determined by the referee in favor of the plaintiff. The only question, therefore, which

is open for review is, whether the power was properly exercised upon the facts before the court.

Upon examination of the testimony I am satisfied that upon the ground of insufficiency of proof of the alleged adultery, as well as for the reason that, even in case of adultery, there was evidence showing condonation, the court below was fully justified in denying plaintiff's motion for confirmation of the report and in sustaining defendant's exceptions; but in absolutely dismissing plaintiff's complaint upon the merits, the court went too far.

The defendant had excepted to the report, and brought the exceptions to a hearing. Her motion was substantially a motion for a new trial, and though she was not bound to make it in a case prepared and settled as if the trial had been had by jury, she was, on the other hand, not entitled to relief exceeding that which is usually awarded to a party successfully moving for a new trial on a case or exceptions, under section 265 of the Code. In the last-mentioned case, no absolute judgment is given when the question is one that can be obviated by proof; but the order simply sustains the exceptions, if any there be, and the ruling made, or verdict rendered at the trial, is set aside and a new trial ordered, with costs to the moving party to abide the event.

Formerly, in an action for divorce on the ground of adultery, the court of chancery directed a feigned issue to be made up for the trial of the facts contested by the pleadings, and the court was expressly empowered by statute (2 *R. S.,* 145, *sec.* 40) to award a new or further trial of such issue as often as justice should seem to require. Under our present system of procedure, and the rules of the courts specially applicable to actions for divorce, the trial of the issue of adultery by a referee may be looked upon as one of the modes of trial which have been substituted for the trial by feigned issue, and hence, in this class of cases, the court at special term does possess the power to order a new trial.

The power, as already stated, should be exercised, as near

Harding agt. Harding.

as possible, in conformity with the principles which control on a motion for a new trial on a case or exceptions. Consequently, if the exceptions are sustained, and the question is capable of being obviated by proof, no absolute judgment should be directed, but a new trial ordered ; and if it is a case for a new trial, the report should not be sent back to the referee with directions to take further proof, as may be done in a case of no answer, but the report should be set aside, the order of reference vacated, and a new trial of the issues ordered. In such case, the contesting parties are again free to select any one of the three modes of trial prescribed by the Code.

That part of the order of January 27, 1877, which denies plaintiff's motion for confirmation of the report, should be affirmed, but the remaining part should be modified so as to provide that the report be set aside, the order of reference vacated, and a new trial of the issues had, with costs to the defendant, to abide the event.

The judgment of March 5, 1877, should be reversed altogether.

SEDGWICK and SPEIR, JJ., concur.